UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE DAWSON,<br><br>                Petitioner,<br><br>     v.<br><br>R. ZUNIGA, Warden,<br><br>                Respondent. | No. 1:15-cv-01217-LJO-SKO HC<br><br>**FINDINGS AND RECOMMENDATION THAT COURT DISMISS CASE AS SECOND OR SUCCESSIVE**<br><br>**(Doc. 21)** |

Petitioner Lonnie Dawson is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent R. Zuniga, Warden of the Mendota Federal Correctional Institution, moves to dismiss the petition as second or successive. Because Petitioner has not sought leave of the Ninth Circuit Court of Appeals to file a second or successive petition, the undersigned recommends that the Court dismiss the petition.

**I.      Procedural and Factual Background**

   **A.      State Conviction**

The above-captioned petition seeks relief in relation to Petitioner's conviction in the Commonwealth of Pennsylvania for the November 5, 1975, murder of James Williams in Philadelphia. A jury convicted Petitioner of first degree murder in April 1976, and the court subsequently sentenced him to life imprisonment. On July 5, 1979, the Pennsylvania Supreme Court reversed the conviction and sentence, and remanded Petitioner's case for a new trial. Following retrial in August 1982, Petitioner was again convicted of first degree murder and sentenced to life imprisonment.

1

**B.     Federal Conviction**

When Pennsylvania tried Petitioner the second time, Petitioner was serving a 50-year term in federal prison after being convicted of various drug offenses.  Petitioner is presently in federal custody subject to a detainer on the Pennsylvania conviction.  His projected federal release date is January 15, 2023.

**C.     2009 Habeas Petition**

On September 18, 2009, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the U.S. District Court for the Eastern District of Pennsylvania.  *See Dawson v. Holenche* (2:09-cv-03691-WY) (Doc. 21-1 at 21-32).  The Magistrate Judge recommended that the petition be dismissed as time-barred.  Doc. 12-1 at 86-92.  On May 20, 2010, the District Court entered an order adopting the Report and Recommendation of the Magistrate Judge, dismissed the petition, and denied a certificate of appealability.  *Dawson v. Commonwealth of Pennsylvania*, 2010 WL 2026663 (E.D.Pa. May 20, 2010) (No. 2:09-cv-03691-WY) (Doc. 21-1 at 96).

**II.     Petition is Barred as Second or Successive**

Because Petitioner has previously sought federal habeas relief for the August 1982 murder conviction, the pending petition is second or successive. The circuit court of appeals, not the district court, must decide whether a second or successive petition satisfies the statutory requirements to proceed.  28 U.S.C. §2244(b)(3)(A) ("Before a second or successive petition permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").  This means that a petitioner may not file a second or successive petition in district court until he has obtained leave from the court of appeals.  *Felker v. Turpin*, 518 U.S. 651, 656-57 (1996).  In the absence of an order from the appropriate circuit court, a district court lacks jurisdiction over the

petition and must dismiss the second or successive petition. *Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997). Accordingly, the Court must dismiss the above-captioned petition.

### III.     **Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>   (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B)  the final order in a proceeding under section 2255.
>
>   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>   (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief to be debatable or wrong, or conclude that the issues presented required further adjudication. Accordingly, the Court declines to issue a certificate of appealability.

## IV.     Conclusion and Recommendation

The undersigned recommends that the Court dismiss the petition for writ of habeas corpus and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 7, 2016**                         /s/ *Sheila K. Oberto*
                                                     UNITED STATES MAGISTRATE JUDGE

4